1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

* * * * *

9

Wynn Resorts Holdiings, LLC, a Nevada
Limited Liability Company,

10

          Plaintiff,

11

vs.

12

Cliff Evarts, an individual,

13

          Defendant.

14

)
)
)
)
)
)
)
)
)
)
)
)
)

02:05-CV-1440-LRH-PAL

TEMPORARY RESTRAINING ORDER

15

          UPON CONSIDERATION of the Motion filed by Plaintiff Wynn Resorts Holdings, LLC

16

("Wynn Resorts") requesting a temporary restraining order and injunction requiring Defendant Cliff

17

Evarts to immediately cease and desist all use of the <wynnweddingchapels.com>,

18

<wynnlasvegasweddings.com>, <wynnweddingchapellasvegas.com> and

19

<wynnlasvegasweddingchapel.com> domain names ("the Infringing Domain Names") and Plaintiff's

20

trademarks and requiring the domain name registrar to lock the domain names at issue and transfer

21

them to Wynn Resorts, the supporting Memorandum of Points and Authorities, the supporting

22

declarations and evidence, the record in this case, and for other good cause shown:

23

          THE COURT HEREBY FINDS THAT:

24

          This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§

25

1331 and 1338;

26

          The Court has personal jurisdiction over the Defendant in that Defendant is a resident of the

27

state of Nevada, Defendant regularly conducts business in the State of Nevada, and Defendant

28

committed tortious acts that he knew or should have known would cause injury to Plaintiff in the

1   State of Nevada;

2          Wynn Resorts has made extensive use of the WYNN Marks on, among other things, signage,

3   wearing apparel, and sales and promotional materials, and has obtained federal registration for the

4   WYNN Marks for various goods and services, including but not limited to:

5          (a)    WYNN RESORTS for real estate development, namely, development of hotel and

6   casino resorts (U.S. Reg. No. 2,901,872)

7          (b)    WYNN DD DESIGN AND DEVELOPMENT for real estate development services,

8   namely, development of hotel and casino properties (U.S. Reg. No. 2,585,021).

9          (c)    WYNN DD DESIGN AND DEVELOPMENT for wearing apparel and stationary

10  products (U.S. Reg. No. 2,984,197).

11         (d)    WYNN DD DESIGN AND DEVELOPMENT for wearing apparel and stationary

12  products (U.S. Reg. No. 3,009,058).

13         (e)    WYNN (stylized) for casino services (U.S. Reg. No. 2,998,762).

14         (f)    WYNN (stylized) for resort hotel, convention facilities (U.S. Reg. No. 2,998,763).

15         (g)    WYNN. for casino and entertainment services (U.S. Reg. No. 2,977,861).

16         (h)    WYNN. (stylized) for casino and entertainment services (U.S. Reg. No. 2,983,695).

17         (i)    WYNN. (and design) for resort hotel services (U.S. Reg. No. 2,983,696).

18         (j)    WYNN LVNV for retail store services (U.S. Reg. No. 2,983,691).

19         (k)    WYNN LAS VEGAS for casino services (U.S. Reg. No. 2983712).

20          Wynn Resorts has applied for numerous federal trademark registrations for the WYNN

21  Marks for various goods and services offered at its casino resorts and marketed throughout the

22  United States and worldwide.  These include, but are not limited to:

23         (a)    WYNN RESORTS for casino services (U.S. Serial No. 76249557);

24         (b)    WYNN RESORTS for resort, hotel services (U.S. Serial No. 76249558);

25         (c)    WYNN RESORTS (and design) for resort, hotel services (U.S. Serial No.

26                76250556);

27         (d)    WYNN RESORTS (and design) for casino services (U.S. Serial No. 76250557);

28         (e)    WYNN. RESORTS (and design) for resort, hotel services (U.S. Serial No.

2

76569800);

(f)   WYNN. RESORTS LTD. (and design) for resort hotel services (U.S. Serial No. 76569802);

(g)   WYNN. LAS VEGAS (and design) for resort hotel services (U.S. Serial No. 76557765);

(h)   WYNN. LAS VEGAS (and design) for resort hotel, and hotel services (U.S. Serial No. 76564297);

(i)   WYNN. LAS VEGAS for resort hotel and hotel services (U.S. Serial No. 76557764);

(j)   WYNN.LASVEGAS for casino services (U.S. Serial No. 76557726);

(k)   WYNN MACAU for restaurant, bar and cocktail lounge services (U.S. Serial No. 78266087);

(l)   WYNN MACAU for hotel and resort services (U.S. Serial No. 78266083);

(m)   WYNN MACAU for entertainment services (U.S. Serial No.78266078);

(n)   WYNN MACAU for casino services (U.S. Serial No. 78266077);

(o)   WYNN MACAU for wearing apparel (U.S. Serial No. 78346670);

(p)   WYNN. MACAU (and design) for casino services and entertainment services (U.S. Serial No. 76560244);

(q)   WYNN. MACAU (and design) for wearing apparel (U.S. Serial No. 76569815);

(r)   WYNN. MACAU for wearing apparel (U.S. Serial No. 76569805);

(s)   WYNN. MACAU (and design) for casino services and entertainment services (U.S. Serial No. 76569803);

(t)   WYNN. MACAU (and design) for Resort hotel, hotel, restaurant, bar and lounge services (U.S. Serial No. 76560248);

(u)   WYNN. MACAU for casino services and entertainment services (U.S. Serial No. 76560246);

(v)   WYNN. MACAU for resort hotel, hotel and restaurant, bar and lounge services (U.S. Serial No. 76560245); and

(w)   WYNN MACAU (and design) for Resort hotel, restaurant, bar and lounge services

3

1  (U.S. Serial No. 76569804).

2  None of these federal trademark applications has been abandoned, withdrawn or denied.

3  Wynn Resorts has also applied for and received Nevada state trademark registrations,

4  including but limited to:

5  (a)  WYNN for resort hotel, hotel, restaurant, bar and lounge services (NV Reg. No.

6  20050196390-65;

7  (b)  WYNN. (stylized) for resort hotel, hotel, restaurant, bar and lounge services (NV

8  Reg. No. 200501084994-12);

9  (c)  WYNN for Casino and Entertainment Services (NV Reg. No. 2005185027-30);

10  (d)  WYNN. (stylized) for Casino and Entertainment Services (NV Reg. No.

11  20050185008-09);

12  (e)  WYNN LAS VEGAS for resort hotel, hotel and restaurant, bar and lounge services

13  (NV Reg. No. 20050184979-25); and

14  (f)  WYNN LAS VEGAS for casino and entertainment services (NV Reg. No.

15  20050184961-26).

16  Based on its federal trademark applications and extensive use, Wynn Resorts owns the

17  exclusive right to use the WYNN Marks in connection with resort hotel, casino and related services.

18  The extensive advertising and promotion of the "Wynn Resorts", "Wynn Las Vegas" and "Wynn

19  Macau" resort hotel casinos have resulted in the WYNN RESORTS, WYNN LAS VEGAS and

20  WYNN MACAU names and marks being distinctive for resort hotel casino services;

21  Defendant Cliff Evarts has used Wynn Resorts' marks as part of his Internet domain names

22  <wynnweddingchapels.com>, <wynnlasvegasweddings.com>, <wynnweddingchapellasvegas.com>

23  and <wynnlasvegasweddingchapel.com> without Wynn Resorts' authority or permission;

24  Wynn Resorts will suffer irreparable injury if the Court does not require the domain name

25  registrar Go Daddy Software, Inc. ("Registrar") to lock the infringing <wynnweddingchapels.com>,

26  <wynnlasvegasweddings.com>,  <wynnweddingchapellasvegas.com>  and

27  <wynnlasvegasweddingchapel.com> domain names and transfer them to Wynn Resorts pending

28  litigation of this matter;

4

Wynn Resorts has demonstrated that it will suffer irreparable harm if a Temporary Restraining Order is not entered *ex parte* because, immediately upon notice of suit and prior to hearing, Defendant could transfer the Infringing Domain Names to another registrant or registrar. Transfer of the Infringing Domain Names to another registrant would deprive the court of jurisdiction and require Wynn Resorts to file additional suits to chase the Infringing Domain Names to recover its intellectual property.  Transfer of the Infringing Domain Names to another registrar would require Wynn Resorts to expend significant effort and financial resources to track the registrations;

Wynn Resorts has demonstrated likelihood of success on the merits of its cybersquatting claims against Defendant under the Lanham Act, 15 U.S.C. § 1125(d);

Wynn Resorts has demonstrated likelihood of success on the merits of its mark infringement claims against Defendant under the Lanham Act, 15 U.S.C. § 1114, and Nevada law;

Wynn Resorts has demonstrated likelihood of success on the merits of its unfair competition claims against Defendant under the Lanham act, 15 U.S.C. § 1125(a);

The balance of hardships tips in favor of Wynn Resorts because issuance of the restraining order and injunction would merely lock and transfer the domain names to Wynn Resorts pending trial, and failure to issue the restraining order and injunction would cause Wynn Resorts to suffer irreparable injury to its name and marks and the associated goodwill if Defendant is not enjoined from registering, maintaining the registration on or using domain names containing Wynn Resorts' marks or marks confusingly similar to Wynn Resorts' name and marks; and

There is no likelihood of harm to the public from the temporary restraining order now being granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that: Wynn Resorts' *ex parte* Motion for Temporary Restraining Order is hereby GRANTED;

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain names <wynnweddingchapels.com>, <wynnlasvegasweddings.com>, <wynnweddingchapellasvegas.com> and <wynnlasvegasweddingchapel.com> shall be immediately locked by the Registrar and/or its successor registrars and transferred to Wynn Resorts.

5

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of Wynn Resorts' name and trademarks and any and all variants thereof, including use of the Infringing Domain Names, and take all necessary actions to transfer the Infringing Domain Names to Wynn Resorts.

IT IS FURTHER ORDERED that the Registrar and/or its successor registrars remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries to prevent further damage caused by the infringing use of the Infringing Domain Names; and

IT IS FURTHER ORDERED that Wynn Resorts shall post a nominal bond of one hundred dollars ($100) for each domain name at issue because the evidence indicates that Defendant will only suffer minimal, if any, damage by the issuance of this temporary restraining order.

<u>ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION</u>

UPON CONSIDERATION of Wynn Resorts' Motion, the Memorandum of Points and Authorities, the supporting declarations and exhibits, the papers and pleadings on file in this matter and for good cause shown;

1.    The Court hereby sets the hearing for Plaintiff's Motion for Preliminary Injunction on January 9, 2006, at 10:00 a.m. in a Courtroom to be determined at the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

2.    Further, the Court hereby sets the following briefing schedule relating to Plaintiff's Motion:

    (a)    Defendant shall file and serve opposition papers, if any, upon Plaintiff by facsimile, no later than January 5, 2006; and

    (b)    Plaintiff shall file and serve its reply brief, if any, upon Defendant by facsimile no later than Friday, January 6, 2006.

3.    In addition, to ensure Defendant received timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, Wynn Resorts may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil

///

1    Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendant by

2    electronic mail transmission.

3            DATED this 30th day of December, 2005.

4

5

6

7            _____

8            LARRY R. HICKS
             United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7